IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UHURU'SEKOU KAMARA AJANI
OBATAIYE-ALLAH,

    Plaintiff,

  v.

HEIDI STEWARD, et al.,

    Defendants.

Case No. 2:19-cv-00068-JR

ORDER

RUSSO, Magistrate Judge.

Plaintiff, an inmate at the Two Rivers Correctional Institution ("TRCI") in the custody of the Oregon Department of Corrections ("ODOC"), brings this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is plaintiff's Motion for Preliminary Injunction (ECF No. 41). For the reasons set forth below, this Court denies the motion.[1]

## BACKGROUND

Plaintiff's Complaint alleges that defendants denied him his First, Eighth, and Fourteenth Amendment rights, as well as his rights under the Religious Land Use and Institutionalized Persons

---

[1] All parties consent to the jurisdiction of a U.S. Magistrate Judge under Federal Rule of Civil Procedure 73(b).

1 - ORDER

Act, when they denied his request to participate in Ramadan in 2018. Plaintiff filed a motion for preliminary injunction stating that he "would like the Court to issue an injunction to make ODOC/TRCI give [him] all [his] legal mail and property that was taken on 5-29-19 by Captain Albert and Corporal Kempas." (ECF No. 41, p. 1). Plaintiff subsequently filed an "Order to Show Cause for Preliminary Injunction and Temporary Restraining Order" by which he seeks an order: (1) barring ODOC staff from confiscating his legal property and legal mail; (2) requiring ODOC to move him to a different prison; (3) requiring ODOC to install cameras in the disciplinary segregation unit property room; (4) preventing ODOC staff from opening his legal mail outside of his presence; and (5) preventing ODOC from placing him into a suicide-watch cell. (ECF No. 51).

Defendants object to plaintiff's request for preliminary injunction because plaintiff did not raise these issues in his operative Complaint and has not moved to supplement his Complaint to include them. Defendants further contend that plaintiff has not shown that a supplemental claim raising these issues is properly exhausted. Finally, defendants argue that ODOC staff have appropriately handled plaintiff's legal property and that any restrictions on the amount of property in plaintiff's possession are due to plaintiff's own behavior.

## LEGAL STANDARDS

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Def. Council, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction generally must show that: (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in favor of the plaintiff; and (4) an injunction is in the public interest. Winter, 555 U.S. at 20 (rejecting the Ninth Circuit's earlier rule that the mere

"possibility" of irreparable harm, as opposed to its likelihood, was sufficient, in some circumstances, to justify a preliminary injunction). The Supreme Court's decision in Winter, however, did not disturb the Ninth Circuit's alternative "serious questions" test. All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Under this test, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met." Id. at 1132. Thus, a preliminary injunction may be granted "if there is a likelihood of irreparable injury to plaintiff; there are serious questions going to the merits; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." M.R. v. Dreyfus, 697 F.3d 706, 725 (9th Cir. 2012) (citing *Cottrell*, 632 F.3d at 1131-32).

## DISCUSSION

This Court lacks authority to grant an injunction when the request for injunctive relief is based on claims not pled in the complaint. Pac. Radiation Oncology, Inc. v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015). A preliminary injunction is appropriate only when it "grants relief of the same nature as that to be finally granted." Id. Hence, there must be a "sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." Id.; see also Saddiq v. Ryan, 703 F.App'x 570, 572 (9th Cir. 2017) (affirming denial of preliminary injunction because prisoner did not establish a sufficient nexus between retaliation claims in his motion and the claims set forth in his underlying complaint).

Plaintiff fails to demonstrate a sufficient nexus between the injury claimed in his Motion for Preliminary Injunction and the conduct challenged in his Complaint. As noted, plaintiff's Complaint alleges defendants violated his rights by denying him the opportunity to participate in Ramadan in

3 - ORDER

2018. Plaintiff's motion, however, concerns prison officials' handling of plaintiff's legal mail and legal property. As such, Plaintiff cannot establish the likelihood of success on the merits of a challenge to the handling of his legal work pending the outcome of this action. See Klassy v. Feather, Case No. 3:13-cv-00434-BR, 2013 WL 6827925, *1-2 (D. Or., Dec. 20, 2013) (plaintiff alleging denial of religious freedom rights under First Amendment not entitled to preliminary injunctive relief requiring prison officials to provide access to legal materials). Accordingly, this Court concludes that mandatory injunctive relief is not warranted.[2]

## CONCLUSION

Based on the foregoing, the Court DENIES plaintiff's Motion for Preliminary Injunction (ECF No. 41).

IT IS SO ORDERED.

DATED this 21 day of August, 2019.

*Jolie A. Russo*
Jolie A. Russo
United States Magistrate Judge

---

[2] Because the Court concludes plaintiff cannot obtain the injunctive relief sought due to a lack of nexus with the claims in plaintiff's Complaint, the Court does not address defendants' remaining contentions.

4 - ORDER