IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UHURU'SEKOU KAMARA AJANI
OBATAIYE-ALLAH,

        Plaintiff,

v.

HEIDI STEWARD, et al.,

        Defendants.

Case No. 2:19-cv-00068-JR

ORDER

RUSSO, Magistrate Judge.

Plaintiff, an inmate at the Two Rivers Correctional Institution ("TRCI") in the custody of the Oregon Department of Corrections ("ODOC"), brings this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court are several matters.

**I.    Plaintiff's Motion for Leave to File Amended Complaint**

Plaintiff moves for leave to file an Amended Complaint (ECF No. 25). Plaintiff seeks to add one defendant, add state law claims, and identify previously unknown witnesses. Pursuant to Local Rule 15-1(c), "[a]n amended or supplemental pleading must reproduce the entire pleading and may not incorporate any part of the prior pleading by reference." Under Local Rule 15-1(d)(1), a plaintiff must

attach "[a] copy of the proposed amended pleading . . . as an exhibit to any motion for leave to file the amended pleading."

Plaintiff's motion does not comply with the Local Rules. Accordingly, the Court DENIES plaintiff's motion, without prejudice to plaintiff's right to re-file the motion with a proposed Amended Complaint attached thereto.

## II. Plaintiff's Motion for Reconsideration

Plaintiff also moves reconsideration of the Court's April 4, 2019, Order. (ECF No. 27). There, the Court found moot plaintiff's motion for preliminary injunction because defendants, without conceding the merits of plaintiff's underlying claims and without waiving any defenses, agreed to allow plaintiff to participate in Ramadan pending the outcome of this litigation. (ECF No. 27). Plaintiff based his motion for reconsideration on his concern that defendants would not allow him to participate in Ramadan notwithstanding their agreement. Plaintiff did not, however, present any evidence from which the Court could conclude that defendants would not honor their agreement. Accordingly, the Court DENIES plaintiff's request for reconsideration.

## III. Plaintiff's Motion to Compel Discovery

Plaintiff also moves for an order compelling defendants to produce documents responsive to nine requests for production of documents. Defendants objected to several of plaintiff's requests.

### A. Request No. 1 - records of inmates attending Jumah

Plaintiff seeks the "records/log etc showing all the prisoners who attended Jumah from January 1, 2018, thru [sic] March 15, 2018," along with the times and dates of their attendance. Plaintiff states that the records are relevant to show that defendants allowed several prisoners to participate in Ramadan without attending Jumah. Defendants object on the grounds that the time and expense

2 - ORDER

required to compile such information outweighs any likely benefit to plaintiff and that the Jumah attendance records are not relevant to plaintiff's claims. The Court agrees and denies plaintiff's motion to compel defendants to produce documents responsive to this request.

**B.     Request No. 2 - "electronic log"**

In his second request for production, plaintiff apparently refers back to his first request, stating "[t]he log should be the electronic log from the computer where prisoner swipe their I.D. cards in order to be logged into Jumah (records/logs showing all prisoners who attended Jumah)." Defendants object on the same basis as their objection to Request No. 1. Again, the Court agrees and denies plaintiff's motion to compel defendants to produce documents responsive to this request.

**C.     Request No. 3 - records of inmates attending Ramadan in 2018**

In his third request for production, plaintiff seeks the names and SID numbers of "the prisoners who attended Ramadan during the year 2018 (the actual food service list showing who attended Ramadan)." Defendants object on the grounds that the time and expense required to compile such information outweighs any likely benefit to plaintiff and that the Ramadan attendance records plaintiff seeks are not relevant to plaintiff's claims. The Court agrees and denies plaintiff's motion to compel defendants to produce documents responsive to this request.

**D.     Request No. 4 - plaintiff's religious services file**

Defendants did not object to plaintiff's Request for Production No. 4. Accordingly, the Court finds moot plaintiff's motion to compel defendants to produce documents responsive to this request.

### E. Request No. 5 - other inmate's Jumah attendance records

In his fifth request for production, plaintiff seeks Jumah attendance records for two particular inmates. The Court denies plaintiff's motion to compel defendants to produce documents responsive to this request for the same reasons as plaintiff's requests numbers 1 and 3.

### F. Request No. 6 - ODOC's religious service rules

Defendants produced ODOC's religious service rules. Accordingly, the Court finds moot plaintiff's motion to compel defendants to produce documents responsive to this request.

### G. Request No. 7 - Sunni Orthodox Islamic Principles

In his seventh request for production, plaintiff seeks "[c]opies of Sunni Orth[o]dox Islamic Princip[le]s showing there [sic] beliefs." Defendants object on the basis that the request does not identify specific documents with reasonable particularity, is vague, and seeks documents not in defendants' possession, custody, or control. The Court agrees, and denies plaintiff's motion to compel defendants to produce documents responsive to this request.

### H. Request No. 8 - Nation of Islam Principles

In his eighth request for production, plaintiff seeks "[c]opies of Nation Islam Princip[le]s and what we NOI's believe." Defendants object on the basis that the request does not identify specific documents with reasonable particularity, is vague, and seeks documents not in defendants' possession, custody, or control. The Court agrees, and denies plaintiff's motion to compel defendants to produce documents responsive to this request.

### I. Request No. 9 - foods served during Ramadan

In his ninth request for production, plaintiff seeks "[d]ocuments showing what foods are served during Ramadan food service manual (menu showing what foods are served during Ramadan)."

Defendants object to the request on vagueness grounds, because it was unclear whether plaintiff seeks a menu showing all foods served during Ramadan; *i.e.*, the food served to those not participating in Ramadan as well or only those foods served to inmates observing Ramadan). Defendants also object because plaintiff did not limit the request in time. Defendants did, nevertheless, produce documents showing what food accommodations were made during Ramadan in 2018 in the prison where plaintiff was housed. The Court finds defendants' response to plaintiff's ninth request sufficient, and denies plaintiff's motion to compel production of any further documents responsive to this request.

IV.   **Plaintiff's Motion for Appointment of Counsel**

Finally, plaintiff moves for the appointment of counsel. (ECF No. 34). Generally, there is no constitutional right to counsel in a civil case. United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to 28 U.S.C. § 1915(e), this Court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. Agyeman v. Corrections Corporation of America, 390 F.3d 1101, 1103 (9th Cir. 2004) (citing Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984)). While the Court may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. Mallard v. U.S. Dist. Court of Iowa, 490 U.S. 296, 301-08 (1989).

In order to determine whether exceptional circumstances exist, the Court evaluates "the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Agyeman, 390 F.3d at 1103 (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)). However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under

[former] section 1915(d)." Wilborn, 789 F.2d at 1331; Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

In this action, plaintiff has demonstrated ample ability to articulate his claims. As noted, the case involves allegations of denial of plaintiff's right to participate in Ramadan in 2018; the facts and legal issues involved are not of substantial complexity to necessitate appointment of counsel. Accordingly, at this stage of the proceeding, there are no exceptional circumstances requiring the appointment of counsel under § 1915(e).

## CONCLUSION

Based on the foregoing, IT IS ORDERED AS FOLLOWS:

1. The Court DENIES plaintiff's Motion for Leave to File Amended Complaint (ECF No. 25), without prejudice to plaintiff's right to renew the motion in compliance with the Local Rules;

2. The Court DENIES plaintiff's Motion for Reconsideration of Order No. 22 (ECF No. 27);

3. The Court DENIES plaintiff's Motion to Compel Discovery (ECF No. 29); and

4. The Court DENIES plaintiff's Motion for Appointment of Counsel (ECF No. 34).

IT IS SO ORDERED.

DATED this **21** day of August, 2019.

                                      /s/ Jolie A. Russo
                                      Jolie A. Russo
                                      United States Magistrate Judge